IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY LEE WEBB, #137198,           )
                                       )
      Plaintiff,               )
                                       )
      v.                    )     CASE NO. 2:15-CV-177-WKW
                                     )             [WO]
                                     )
RENE MASON,                 )
                                       )
      Defendant.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jimmy Lee Webb ("Webb"), an indigent state inmate, alleging a denial of "his right to 'legal kits' by defendant Warden Mason." *Complaint - Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials, including affidavits and other documents, in which she addresses the claim for relief presented by Webb. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Webb in the complaint. The defendant asserts and the undisputed evidence indicates that Webb received a legal kit each time he requested a kit. Moreover, the record before this court fails to show that any action of the defendant deprived Webb of

access to the court.  The defendant therefore argues that she did not violate Webb's

constitutional rights under the circumstances present in this case.

In light of the foregoing, the court issued an order directing Webb to file a

response to the defendant's written report.  *Order of May 4, 2015 - Doc. No. 8*.  The

order advised Webb that his failure to respond to the report would be treated by the

court "**as an abandonment of the claims set forth in the complaint and as a failure

to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order

"**specifically cautioned [the plaintiff] that [his failure] to file a response in

compliance with the directives of this order**" would result in the dismissal of this

civil action.  *Id*.  The time allotted Webb for filing a response in compliance with the

directives of this order expired on July 7, 2015.  *Order of June 18, 2015 - Doc. No.

10*.  As of the present date, Webb has failed to file a requisite response in opposition

to the defendant's written report.  The court therefore concludes that this case should

be dismissed.

The court has reviewed the file to determine whether a less drastic measure

than dismissal is appropriate.  After such review, it is clear that dismissal of this case

is the proper course of action at this time.  Webb is an indigent individual.  Thus, the

imposition of monetary or other punitive sanctions against him would be ineffectual.

Additionally, Webb's inaction in the face of the defendant's report and evidence

suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendant indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before December 29, 2015 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance

3

with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of December, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE